IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-365-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MARQUES DESHAWN GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon receipt of correspondence from the Federal Bureau of Prisons ("BOP"), dated March 5, 2020, requesting the court's position on whether defendant's federal custodial sentence should run concurrent or consecutive to his subsequently-imposed state sentence. Said correspondence is attached to this order as Appendix A.

**COURT'S DISCUSSION**

On April 12, 2018, defendant pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). On September 11, 2018, the court sentenced defendant to 31 months' imprisonment. The court's judgment does not indicate whether the sentence should run concurrent or consecutive to any state sentence.

According to the instant correspondence, at the time the federal sentence was imposed, defendant was in primary state custody awaiting pretrial proceedings on pending state charges. After defendant's sentencing in this court, defendant was returned to state custody and the federal judgment was lodged as a detainer. On December 3, 2018, defendant was convicted of assault on a female and sentenced to 150 days' imprisonment. Materials provided to the BOP indicate that the state court intended the state and federal sentences to run concurrently. Based on prior custody credits, defendant's state sentence was satisfied on December 3, 2018, and he was returned to

federal custody on January 30, 2019. Defendant has requested that his federal sentence run concurrently to the state sentence.

The BOP designates federal inmates' places of imprisonment, and has used this authority to effectively run federal and state sentences concurrently when consistent with the intent of the federal sentencing judge. 18 U.S.C. § 3621(b); <u>Mangum v. Hallembaek</u>, 824 F.3d 98, 100-01 (4th Cir. 2016); <u>see also</u> <u>United States v. Lynn</u>, 912 F.3d 212, 219-23 (4th Cir. 2019) (Floyd, J. concurring in part and dissenting in part). Where a defendant is in primary state custody at the time the federal sentence is imposed, the BOP effectuates concurrent sentences by retroactively designating, under § 3621(b), the state facility as the facility for service of the federal sentence. <u>Mangum</u>, 824 F.3d at 101. In designating a place of imprisonment, the BOP considers, among other factors, "any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). The instant correspondence thus requests the court's position on whether it intended the federal sentence to run concurrent to defendant's state sentence for assault on a female.

Upon review and full consideration of the record in this case, the court is opposed to concurrent federal and state sentences and thus to retroactive designation of defendant's state facility as the place of imprisonment for his federal sentence. The court was aware of defendant's pending state charges at the time it imposed the federal sentence, remarking that the conduct underlying the state charges was "unrelated" to the instant federal offense. As noted above, the court did not run the federal sentence concurrently with any anticipated state sentence at the time of sentencing. Furthermore, the court departed downwardly from the advisory guidelines range when it imposed the federal sentence, and the court is opposed to further reduction of the federal

sentence, with the exception of standard good time or other BOP sentencing credits, in light of defendant's criminal history.

Upon filing, the clerk is DIRECTED serve a copy of this order on defendant and to transmit a copy to John O'Brien and Marcus Boudreaux at the BOP's Designation and Sentence Computation Center.

SO ORDERED, this the 10th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge

# APPENDIX A




**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Designation and Sentence Computation Center*

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

March 5, 2020


The Honorable Louise W. Flanagan
United States District Court Judge
  for the Eastern District of North Carolina
United States Courthouse
413 Middle Street
New Bern, North Carolina 28560

**RE:  GRAY, Marques Deshawn**
     Register Number: 64321-056
     Case Number: 5:17-CR-365-1FL

Dear Judge Flanagan:

   On September 11, 2018, Marques Gray was sentenced by the Court to a 31-month term of confinement for Possession of a Firearm and Ammunition by a Felon.  Mr. Gray has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence under 18 U.S.C. § 3621(b).  Such action would thereby reduce the total amount of time spent in custody.  In Setser v. United States, 566 U.S. 231, 237 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent with or consecutive to any other sentence rests with the federal sentencing court.  The Bureau is requesting guidance as to how Mr. Gray's federal sentence should run with respect to a sentence he has served with the State of North Carolina.

   At the time the federal sentence was imposed, Mr. Gray was under the primary jurisdiction of state authorities in North Carolina, and in federal custody pursuant to a writ of habeas corpus.  The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action by the state.  Following sentencing, Mr. Gray was returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On December 3, 2018, Mr. Gray was sentenced by the State of North Carolina to a 150-day term of imprisonment for Assault on a Female, in Vance County District Court Case Number 17 CR 52850. The state sentence information received by the Bureau indicates the state advised that the sentence should run concurrently with the federal sentence. On December 3, 2018, Mr. Gray's state obligation was satisfied based on prior custody time applied to the state sentence, and he was released to the federal detainer on January 30, 2019, to commence the service of his federal sentence as provided by 18 U.S.C. § 3585(a).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on a date which would result in the satisfaction of his federal sentence, and the release from Bureau custody of Mr. Gray. Should the Court indicate the sentence is to run consecutively to the state term, he will continue to a current projected release date of June 22, 2020.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

John O'Brien
Chief

mgb
cc: Matthew Lee Fesak, AUSA
Christopher Patrick Eiden, USPO